Dear Mr. Andries,
You have requested an opinion as to whether the District Five Road and Public Works Commission of St. Landry Parish (the "Commission") must receive approval of the St. Landry Parish Police Jury prior to levying a tax.
The District Five Road and Public Works Commission of St. Landry Parish was created by the Louisiana Legislature pursuant to La.R.S. 48:600.1. The Commission is a political subdivision of the State of Louisiana and has all the powers necessary to construct, acquire, operate, and maintain roads, bridges, and road drainage facilities in the parish. La.R.S. 48:600.1(D)(1). Included in those powers is the power to levy and collect taxes. The Commission's taxing authority is specifically set forth in La.R.S. 48:600.1(D)(1)-(2), which provide as follows:
The Commission shall have the following powers:
(a) To levy and collect within said boundaries of the commission a tax not exceeding one percent upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption of corporeal movable property and upon the sale of services, as presently defined in R.S. 47:301 through 317, inclusive. Except where inapplicable, the procedure established by R.S. 47:301 through 317, inclusive, shall be followed in the imposition, collection, and enforcement of said tax and any procedural details necessary to be established to supplement the provisions of said Sections and to make said provisions applicable to the tax imposed hereunder shall be fixed by resolution of the commission. The commission shall have the right to contract with the sheriff or the Department of Revenue of the state of Louisiana, or any other agency or political subdivision for the collection of the *Page 2 
tax. The board shall set forth the purposes for which the proceeds of the tax are to be used in the proposition submitted at the election hereinafter required, and such proceeds may be funded into negotiable bonds.
(b) The resolution imposing such tax shall be adopted by the commission only after the question of the imposition of such tax and the funding thereof into bonds under the provisions of this Section shall have been submitted to the qualified electors within the boundaries of the commission at an election to be called, conducted, canvassed, and promulgated by the governing authority of the commission in accordance with the general laws of the state of Louisiana governing the authorization of general obligation bonds and the majority of the qualified electors voting in such election shall have voted in favor of such additional tax and the funding thereof into bonds.
(c) The resolution imposing any tax hereunder, or amendments hereto, shall specify that the avails or proceeds of the tax after payment of collection costs shall be used solely by the commission for the construction, acquisition, operation, and maintenance of the roads, bridges, or road drainage facilities of the commission. The question or proposition approved at said election shall constitute a full and complete dedication of the avails or proceeds of said tax and its provisions shall control the allocation and expenditure thereof.
(2) To levy on all taxable property within the boundaries of the commission an ad valorem tax not to exceed fifteen mills, provided said commission has received prior approval for the levy of said millage by a favorable vote of the qualified electors within the boundaries of the commission at an election called by the board for the purposes of constructing, acquiring, operating, and maintaining the roads, bridges, and road drainage facilities of the commission (emphasis added).
As is clear from the statute quoted above, the Commission has the authority to levy and collect certain taxes once those taxes have been submitted to and approved by the qualified electors within the boundaries of the Commission.
Chapter 6-A of Title 18 sets forth the laws regarding the elections to authorize the issuance of bonds, the assumption of indebtedness, and the imposition or increase of taxes by political subdivisions. La.R.S. 18:1282 defines `political subdivisions' as: "a state department, agency, board, or commission; a parish; a municipality; a school board and a school district; a levee board and a levee district; a port board and a port commission; a port, harbor, terminal and industrial district; and any special servicedistrict, including but not limited to a road, water, sewerage, fire, protection, recreation, gas utility, or garbage district, *Page 3 
and any other board, district, or unit of local governmentauthorized by law to conduct elections for the issuance of bonds,the levying or increasing of any tax, or the assumption ofindebtedness." As is clear from the italicized portion of the definition, the Commission fits under this definition of a `political subdivision' for purposes of this chapter of the Election Code.
La.R.S. 18:1284 states that, "[t]he election shall be ordered by a resolution of the governing authority of the political subdivision which shall state the purpose for which it is called." This does not mean the governing authority of St. Landry Parish, but rather, the governing authority of the Commission. La.R.S. 48:600.1(A) provides that "[t]he commission shall be governed by a board of commissioners."
In contrast to those road districts which were specifically created by legislation, such as the Commission, St. Landry Parish also has some road districts which were created by the local governing authority. When a road district is created by the local governing authority, La.Const. art. VI, Section 15 states, "The governing authority of a local governmental subdivision shall have general power over any agency heretofore or hereafter created by it, including, without limitation, the power to abolish the agency and require prior approval of any charge or tax levied or bond issued by the agency." Thus, in the case where a road district created by the police jury of St. Landry Parish wants to levy taxes, the police jury may require its approval to do so.
Accordingly, it is the opinion of this office that because the Commission was created by the legislature as a political subdivision of the state of Louisiana with the authority to levy and collect certain taxes once those taxes have been submitted to and approved by the qualified electors within the boundaries of the Commission, approval of the policy jury is not required for the Commission to present a tax to the voters.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
Yours very truly,
JAMES D. "BUDDY" CALDWELL Attorney General
By: __________________________ Lindsey K. Hunter Assistant Attorney General
JDC/LKH/crt